# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**PAUL JOE CRAMER,**

    **Plaintiff,**

                                                  **Civil Action 2:18-cv-63**

    **v.**                                                 **Judge James L. Graham**
                                                     **Magistrate Judge Chelsey M. Vascura**

**STATE OF OHIO,**

    **Defendant.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Paul Joe Cramer, an Ohio resident proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against the State of Ohio. Plaintiff alleges that the State violated his right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution when an Ohio common pleas court sentenced him to a period of community control that was greater than contemplated by his plea agreement and without ordering a presentence investigation as required by Ohio law. Plaintiff seeks damages of $4,000,000, expungement, and release from community control.

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. (ECF No. 1.) All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the

reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements

---
[1] Formerly 28 U.S.C. § 1915(d).

set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

**II.**

Plaintiff Cramer alleges that, in 2016, a Belmont County, Ohio, Common Pleas Court sentenced him to a period of incarceration followed by five years of community control sanctions, even though Plaintiff and the judge had both signed a plea agreement that contemplated only four years of community control sanctions. Plaintiff also alleges that the Common Pleas Court erred by failing to order a presentence investigation, as required by Ohio law, before sentencing Plaintiff to community control. Plaintiff asserts that the Common Pleas Court's actions violated due process rights guaranteed to him by the Fourteenth Amendment.

The essence of Plaintiff's constitutional claim is that a state court sentenced him in violation of the United States Constitution. That claim is "*Heck*-barred."

In *Heck*, the United States Supreme Court held that, in assessing a § 1983 claim, the Court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If the claim would render a conviction or sentence invalid, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* Although *Heck* addressed only claims for monetary damages, the Supreme Court later made clear that the *Heck* rule extends to any claim for relief that would necessarily call into question the validity of a conviction or sentence. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)

Here, Plaintiff's request for monetary relief, expungement, and release from community control constitutes a collateral attack on his sentence. Under *Heck*, Plaintiff cannot proceed with his § 1983 claim because he cannot "prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas

corpus . . . ." *Heck*, 512 U.S. at 486–87. Plaintiff has, therefore, failed to state a claim upon which relief may be granted, and it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint pursuant to § 1915(e)(2).

## **PROCEDURE ON OBJECTIONS**

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED**.

                                                   /s/ *Chelsey M. Vascura*
                                                   CHELSEY M. VASCURA
                                                   UNITED STATES MAGISTRATE JUDGE